IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SOPRAMCO CV9 CFL, LLC,

             Plaintiff

                v.

ROBLES MULTI SERVICES CORP.;
RAFAEL ROBLES-GONZÁLEZ,

             Defendants

CIVIL NO. 08-1957 (JP)

## DEFAULT JUDGMENT

The Court has before it Plaintiff's motion for default judgment (**No. 20**) against Defendants Robles Multi Services Corp., and Rafael Robles-González (collectively, "Defendants"). The motion is **GRANTED**. Upon Plaintiff's motion for judgment, and it appearing from the records of the above-entitled case that default was entered by the Clerk of this Court against Defendants on August 19, 2009 (No. 17) for their failure to plead or file an answer to the Complaint or otherwise appear in the above cause, Plaintiff is entitled to a judgment by default.

**IT IS HEREBY ORDERED:**

1. On October 19, 2005, the original borrower - the Defendants - obtained a loan from the R&G Mortgage Corporation in the amount of $125,000.00. Defendants evidenced their repayment obligation with two mortgage notes: (1) one in the amount of One Hundred Thousand Dollars ($100,000.00) repayable with an interest

CIVIL NO. 08-1957 (JP)          -2-

rate of 6.75% per year; (2) another in the amount of Twenty Five Thousand Dollars ($25,000.00), also repayable with an interest rate of 6.75% per year.

2.   Said mortgage notes were subscribed in favor of or to the order of R & G Mortgage Corporation.  On September 28, 2007, said mortgage notes were purchased from R&G Mortgage Corporation by the original plaintiff, Pramco CV9, LLC ("Pramco").  On August 12, 2009, Pramco assigned and transferred all its rights under both mortgage notes to Plaintiff.  Accordingly, Plaintiff is the current owner of the mortgage notes.

3.   For the purpose of securing the payment of the mortgage note for $100,000.00, a mortgage was constituted by Deed Number 747, dated October 19, 2005, before Notary Public Juan Carlos Goitía-Rosa, over the following real property:

> **URBANA: Parcela de terreno en la Urbanización Villa Carolina, localizada en el Municipio de Carolina, Puerto Rico, que se describe en el plano de dicha Urbanización con el solar número uno (1) de la manzana once (11). Área: CUATROCIENTOS TREINTA Y TRES PUNTO ONCE METROS CUADRADOS (433.11 m.c.). Colindando por el NORTE, con la calle número veintinueve (29), distancia de veintidós metros y cuatrocientas cincuenta y ocho milésimas de metro (22.458 m.); por el SUR, con el solar número dos (2), distancia de veiticinco metros (25.00 m.); por el ESTE, con Paseo Público, distancia de diecinueve metros setecientos sesenta milésimas de metro (19.760 m.); y por el OESTE, con la calle veinticuatro (24), distancia de doce metros y ciento setenta y ocho milésimas de metro (12.178 m.), y con arco de cuatro metros novecientos veintitrés milésimas de metro (4.923 m.).**

CIVIL NO. 08-1957 (JP)            -3-

**Contiene una casa de concreto diseñada para una familia, construida de acuerdo con los planos y especificaciones aprobados por la Federal Housing Administration y otras agencias gubernamentales.**

Plaintiff's mortgage deed No. 747 for $100,000.00 was recorded over the abovementioned property, i.e., Property Lot No. 11,821 of the Property Registry, Second Section of Carolina, Puerto Rico.

4.   For the purpose of guaranteeing the mortgage note for $25,000.00, Defendants executed Deed of Second Mortgage number 749, dated October 19, 2005, before Notary Public Juan Carlos Goitía-Rosa, over the same real property described above.

5.   Defendant Robles Multi Services Corp. is the owner of record of the Property above.

6.   Defendants, owner of record of the Property, have failed to comply with the terms and conditions of the mortgage contract and has refused to pay the stipulated monthly installments, in spite of Plaintiff's demands and collection efforts.

7.   According to the terms and conditions of the mortgage contract, if default is made in the payment of an installment under the mortgage note, and said default is not made good within thirty days after the holder notifies the borrower of the default, the entire principal sum and accrued interest shall at once become due and payable at the option of the holder.

CIVIL NO. 08-1957 (JP)            -4-

    8.   Defendants' indebtedness with Plaintiff is as follows:

        A)  Mortgage Note for $100,000.00:

            1)  $97,989.64 of aggregate principal;

            2)  $13,024.94 of interest accrued as of August 19, 2009, and thereafter until its full and total payment, which amount increases at the daily rate of $18.37;

            3)  duly contracted attorney's fees and litigation costs of $10,000.00;

            4)  insurance premiums, taxes, advances, late charges, costs, and disbursements due to the date of sale.

        B)  Mortgage Note for $25,000.00:

            1)  $24,497.41 of aggregate principal;

            2)  $3,256.24 of interest accrued as of August 19, 2009, and thereafter until its full and total payment, which amount increases at the daily rate of $4.59;

            3)  duly contracted attorney's fees and litigation costs of $2,500.00;

            4)  insurance premiums, taxes, advances, late charges, costs, and disbursements due to the date of sale.

CIVIL NO. 08-1957 (JP)              -5-

9.   Defendants, as debtor of the amounts prayed for in the complaint, are hereby **ORDERED** to pay unto Plaintiff the amounts specified and set forth in the preceding paragraph, paragraph eight.

10.  In default of the payment of the sums herein specified or of any part thereof within ten days from the date of entry of this Judgment, said property shall be sold by the U.S. Marshal of this Court or a Special Master at a public auction to the highest bidder thereof, without an appraisement or right of redemption for the payment and satisfaction of Plaintiff's mortgage within the limits secured thereby.

11.  The U.S. Marshal of this Court or the Special Master shall make the sale mentioned herein in accordance with 28 U.S.C. Sections 2001 and 2002 and the applicable provisions of the Commonwealth of Puerto Rico Mortgage Law.  The notice of sale shall be published in a newspaper of general circulation once a week during four consecutive weeks.  The amount of $125,000.00 shall serve as the minimum bid for the first public sale.  Should the first public sale fail to produce an award or adjudication, two-thirds of the aforementioned amount shall serve as the minimum bid for the second public sale.  Should there be no award or adjudication at the second public sale, the basis for the third sale shall be one-half of the amount specified as minimum bid for the first public sale.  The U.S. Marshal of this Court or the Special Master shall proceed to issue the corresponding notice of sale to be published in a newspaper

CIVIL NO. 08-1957 (JP)            -6-

of general circulation without the need of further orders or writs from this Court.  Such sale shall be subject to the confirmation of this Court.  Upon confirmation, the U.S. Marshal shall execute the corresponding deed of judicial sale to the purchaser and he shall be entitled to the delivery of the property sold and its physical possession, in accordance with law.  Said possession may be obtained through eviction of the occupant of the property without the need of further order of this Court if executed within sixty days from the confirmation of the public sale.

    12.  Any funds derived from the sale to be made in accordance with the terms of this Judgment and such further orders of this Court shall be applied as follows:

        a)   To the payment of all proper expenses attendant upon said sale;

        b)   To the payments of that part of the indebtedness owed to Plaintiff in the same order and for the amounts specified, and set forth in paragraph eight;

        c)   If after making the above payments there shall be surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the Court;

        d)   In the case the proceeds from the said sale are not sufficient to cover the full amounts owing to Plaintiff, Plaintiff shall be entitled to a deficiency judgment against Defendants and shall have execution therefor.

CIVIL NO. 08-1957 (JP)            -7-

13.  The  Property  Registrar  of  the  corresponding  Property Registry  of  Puerto  Rico  shall  proceed  to  the  recording  of  the judicial  sale  deed  in  favor  of  the  purchaser,  free  of  any  liens subsequent to the date of the execution of the foreclosed mortgage.

14.  Plaintiff in these proceedings may apply to this Court for such  further  orders  as  it  may  deem  advisable  to  its  interest  in accordance  with  the  terms  of  this  Judgment  and  the  Clerk  shall proceed to issue of course all necessary writs to enforce and execute the same.  Fed. R. Civ. P. 77(a).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 31st day of August, 2009.


                                    s/Jaime Pieras, Jr.
                                  JAIME PIERAS, JR.
                                  U.S. SENIOR DISTRICT JUDGE